In re: TRAMADOL HYDROCHLORIDE EXTENDED–RELEASE CAPSULE PATENT LITIGATION.

MDL No. 2126.

United States Judicial Panel on Multidistrict Litigation.

Feb. 12, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN *, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and DAVID G. TRAGER*, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman:

**Before the entire Panel \*:** Plaintiffs Purdue Pharma Products L.P. and Napp Pharmaceuticals Group Ltd. move for Section 1407 centralization of this litigation in the District of Delaware. This litigation currently consists of three actions: two actions pending in that district and one action pending in the District of Minnesota, as listed on Schedule A.[1]

Defendant Paddock Laboratories, Inc. (Paddock) opposes centralization. Defendant Impax Laboratories, Inc., submitted a response stating that it did not oppose centralization.

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All three actions share factual allegations with respect to either of two related patents.[2] Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

In opposition to the Section 1407 motion, Paddock argues, *inter alia,* that centralization may delay its ability to bring to market a generic competitor to movants' pain relief medication, because it fears that the transferee judge may stay the litigation pending the final resolution of an action now on appeal to the United States Court of Appeals for the Federal Circuit.[3] Paddock contends that such a stay would be inappropriate in the actions in which it is involved, inasmuch as those actions encompass issues beyond those found in *Par* and pending before the Federal Circuit. Although this is a serious and substantive argument, it is one that Paddock is free to raise to the Honorable Kent A. Jordan, the judge who has agreed to serve as transferee judge in this docket and who, in fact, presided over *Par.*

In *Par,* Judge Jordan, who is also already overseeing the two District of Delaware constituent actions in this docket,

---

* Judges Hansen and Trager took no part in the disposition of this matter.

1. Three additional related actions are currently pending in the Central District of California, the Northern District of California, and the District of Delaware, respectively. Those actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. U.S. Patent Nos. 6,254,887 (the '887 patent) and 7,074,430 (the '430 patent). The '887 patent is entitled "Controlled Release Tramadol" and the '430 patent is entitled "Controlled Release Tramadol Tramadol [sic] Formulation." The two patents have the same specification and name the same eight inventors.

3. *Purdue Pharma Products LP, et al v. Par Pharmaceuticals Inc., et al, D. Delaware,* C.A. No. 1:07–255 *(Par ).*

conducted a Markman hearing, presided over a five-day bench trial, and, following that trial, made extensive findings of fact and conclusions of law. *See Purdue Pharma Products L.P. v. Par Pharmaceutical, Inc.*, 642 F.Supp.2d 329 (D.Del.2009). Given the judge's intimate familiarity with the two patents, he is in the best position to determine the appropriate treatment of the constituent actions pending the outcome of the *Par* appeal, including whether pretrial proceedings in the Paddock actions should go forward.

The District of Delaware is an appropriate transferee district for pretrial proceedings in this litigation. Two of the three actions (including the first-filed action) were brought in that district, and all parties are already litigating there. As we have alluded to above, Judge Jordan has already invested substantial time and effort in familiarizing himself with the complex issues that these actions present. We are confident that he will resolve these actions in a prudent manner.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the District of Delaware is transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Kent A. Jordan for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

MDL No. 2126 — IN RE: TRAMADOL HYDROCHLORIDE EXTENDED-RELEASE CAPSULE PATENT LITIGATION

*District of Delaware*

*Purdue Pharma Products L.P., et al. v. Impax Laboratories, Inc.*, C.A. No. 1:08-519

*Purdue Pharma Products L.P., et al. v. Paddock Laboratories, Inc.*, C.A. No. 1:09-666

*District of Minnesota*

*Purdue Pharma Products L.P., et al. v. Paddock Laboratories, Inc.*, C.A. No. 0:09-2411